This is our next case of the afternoon, People of the State of Illinois v. Edward Jordan, 417-0861, for the appellant, Ms. Fangman, and for the athlete, Mr. Zimmerman. You may proceed. Jessica Fangman May it please the Court, Counsel, I am Jessica Fangman with the Office of the State Appellate Defender, and I represent Mr. Edward Jordan. Mr. Jordan will focus today on Arguments 1 and 2. He will, of course, however, answer questions regarding Argument 3. Edward Jordan was denied his right to the effective assistance of counsel when his attorney chose not to file a motion to suppress 13 illegally recorded phone calls that were admitted against him at trial. The trial court also erred when it declined to appoint counsel to investigate Mr. Jordan's claim that his attorney was ineffective for failing to file a motion to suppress those 13 recorded phone calls. In Illinois, it is unlawful for either law enforcement or ordinary citizens to record phone calls unless both parties consent or a court issue an order allowing the recording of those conversations. Federal law, however, only requires one party to consent. The Illinois Supreme Court has created an exception to Illinois' strict eavesdropping law and allows recorded conversations to be admissible at trial if there was a joint investigation between federal and state authorities, and if there was a joint investigation, there is no evidence of collusion. Here, it is undisputed that the Bloomington Police Department Detective Bierbaum was the case agent who initiated and conducted this investigation. It is also undisputed that Detective Bierbaum did not comply with Illinois' eavesdropping law because Mr. Jordan did not consent to the recording of the phone calls and there is no evidence of a court order. There is no joint investigation in this case because Bloomington Police Department Detective Racebeck was the only officer with purported federal authority involved in this investigation, but he did not become involved in this investigation until after the recorded phone calls began. Detective Bierbaum began recording Mr. Jordan's phone calls on July 17th, 2013. Detective Racebeck did not become involved in the investigation until July 25th, 2013. Moreover, Detective Racebeck was not present... But isn't that the date where the discussion about the $150 occurred? Because he was involved then when that discussion and that telephone recording was made. That's correct. Detective Racebeck was involved in the investigation, however, he was not present at those phone calls during those phone calls. Does he have to be? No, he does not have to be present, but had he been present, there would have been more to show that there was a joint investigation. Well, there might have been more, but there's a DEA person there and then there are Bloomington Police Departments there. That sounds like a joint operation to me. Why not? I disagree, Your Honor, because in this case, Detective Racebeck's only involvement was to get around Illinois eavesdropping law. He was not involved in any other way other than cataloging evidence at the end of the case, and the mere deputization of a local police department detective is not enough to make an investigation joint. Illinois courts have found a joint investigation exists when the defendant sells drugs to an undercover federal agent. Illinois courts have also found that a joint investigation exists when a federal agent initiated the investigation, or it was a joint investigation involving a multiple jurisdictional case such as state authorities, the ATF, and other local authorities. That's not what we have in this case. What we have in this case is a Bloomington Police Department detective that was supposedly deputized as a DEA agent, and that's his only purported involvement in this case. Detective Racebeck's only purpose is to get around Illinois eavesdropping law. The mere deputization of Detective Racebeck is not enough to make this a joint investigation. When was he deputized? Your Honor, that information is not in the record, so I cannot answer that. That explains why I couldn't find it. What's your best case evidence? Is that in and of itself collusion, or what's your best case evidence of collusion? Our best evidence supporting our claim that there's collusion in this case, Your Honor. Is that your question? The evidence we have that supports that the officers were colluding together is that Detective Racebeck didn't become involved in the investigation until after Detective Bierbaum initiated this investigation. Detective Bierbaum began recording these phone calls on July 17th. Although the ones where the actual drug sale was set up did not occur until about a week later, Detective Bierbaum was still unlawfully recording phone calls, and Detective Racebeck, Bloomington Police Department Detective Racebeck, was not even involved in the investigation at that time. Detective Racebeck's sole purpose in this investigation was to allow Detective Bierbaum to record these phone calls so that they could be admitted at trial against Mr. Jordan. Is that an argument, or can you affirmatively cite to the record that this detective didn't become involved until the 25th? Your Honor, what's in the record is Detective Racebeck's testimony at trial that says that he became involved in the case on July 25th. That's the only evidence that we have that supports our claim, but nonetheless, it supports our claim that he didn't become involved until after the phone calls were recorded. So even assuming that there was a joint investigation in this case, the authorities colluded with each other to avoid Illinois eavesdropping law. If we take this case to its logical conclusion, and this court finds that a deputized DE agent is enough to render a joint investigation, then every single police department in the state of Illinois could pick one detective to deputize that detective, and then any investigation that that deputized detective touches becomes a joint investigation. At that point, what is the purpose of Illinois eavesdropping law if it only takes one deputized DEA agent to get around Illinois law? So in this case, that's what we have here. We have our first position is that the mere deputization of Detective Racebeck isn't enough, and if it is, they colluded together, the federal and state authorities, Detective Racebeck under his DEA deputized status with Detective Bierbaum to get around Illinois eavesdropping law. This point is highlighted by Detective Bierbaum initiating this investigation. Detective Bierbaum testified that he was the case agent. Detective Bierbaum also was the one that signed up the confidential informant. Jarvis Heads, the confidential informant, testifies that it was Detective Bierbaum that had him interviewing him so that Jarvis Heads could avoid charges. If the motion to suppress had been filed and the court had granted it, what would have been suppressed? The state is asking this court to assume that Detective Bierbaum's testimony would be enough, that his testimony would be perfect, and that there would be no holes in it or memory lapses. However, Detective Bierbaum would be limited here for several reasons. One, he would be limited by his memory because it would only be what he could remember. He would be further limited to testify as to what Jarvis Heads said under a hearsay violation. So he would not be able to testify regarding what Jarvis Heads said, and he would be limited by his memory as well. But he could testify to the admissions made by your client. Yes, he could. Yes, he could testify. That's pretty powerful evidence. It is powerful evidence, Your Honor, but the more powerful evidence is my client's recorded voice on a phone call setting up a drug deal. And that is what the court and the state's attorney argued in closing that the court should consider the recordings themselves, not just the contents of the phone calls, but the actual recordings. But Counsel, it still doesn't get around the fact that the officer could testify of the guilty admissions made by your client as well as Heads could testify to those guilty admissions made by your client. That's correct, Your Honor. However, Jarvis Heads is a confidential informant. He has motive to testify falsely. So his testimony is not that credible to begin with. That would be the case in almost all of these drug cases, wouldn't it? Aren't we often dealing with people that have their own credibility problems? We are often dealing with individuals with their own credibility problems, and that's the case here. That's the problem here, is that the state obviously relied on these recordings in arguing its case because it asked the court to specifically consider the recordings in its ruling, and the trial court did so. Well, the trial court would be aware that he, in this case, should look at the confidential sources testimony with sort of a jaundiced eye, with suspicion, because that's what a jury would be instructed. I don't remember exactly what the language is. This court would presume that the trial court followed the law and took into consideration, would have taken into consideration, the confidential sources, motive, and bias as to what the defendant said. That's true, Your Honor, but in this case, in addition to all of those things, the state's attorney was allowed to not only play these recordings for the judge, but it gave a written transcript. And this written transcript was also used by Jarvis Heads and Detective Beerbaum so that they could testify more clearly as to what was going on in those phone calls, and Jarvis Heads even admits that after he listened to the recordings, he edited some parts of the transcript so that they more accurately reflected what was said. That also shows that these recordings and the transcript were relied on by the court, and without those recordings and transcripts, Mr. Jordan has shown that he has suffered prejudice because his attorney's failure to file the motion to suppress was objectively unreasonable. Did the trial court comment upon the recordings? Your Honor, the trial court said... Comment upon listening to them. It did, Your Honor, and I have here that the trial court did place a lot of emphasis in essence upon when those conversations took place, who participated or were involved as participants, and then what took place immediately thereafter. So the trial court did place emphasis on the recordings in addition to... I ask you what the trial court, if the trial court commented. Did the trial court comment on listening to the tapes about... I cannot say with 100% certainty that the trial court listened to those tapes, but I am almost positive that in the record, the trial court did admit that it would be listening to the tapes, and they were also played at trial. Well, that's what I meant. Yes, I apologize, Your Honor, yes. And everybody knew what they were talking about? No, Your Honor, they did not know what was being said. That's why Detective Bierbaum's testimony was so important, because Detective Bierbaum explained what these phrases mean. Detective Bierbaum explained to the court that play ball means buy drugs, and so Detective Bierbaum used these recordings to highlight his testimony of his perception of what was going on in this case. Because Edward Jordan was denied his right to the effective assistance of counsel, we would ask that this court reverse and remand for a new trial. However, in the alternative, at the very least, Edward Jordan has shown that his case suffered from possible neglect. This case was remanded back to the circuit court for the circuit court to decide whether or not it should appoint counsel to further investigate Mr. Jordan's claim. This court also asked the circuit court to clarify on the record whether a joint federal and state investigation existed. In its attempt to clarify whether a joint investigation existed, Carla Barnes admitted at the Krankel hearing four pages of narrative supplement reports that were already contained in the record. The trial court, however, relied on those reports when finding that a joint investigation existed. It just must have not remembered that those documents were already contained in the record. Furthermore, the only other additional evidence that Carla Barnes brought to the attention of the trial court at the Krankel hearing was that she personally verified with Bloomington Police Department Detective Raisbeck that he was a deputized DEA agent. However, public defender Carla Barnes personally verifying this fact with Detective Raisbeck is not a legal conclusion. And so the trial court, in its effort to try and resolve this question, was unable to do so thoroughly because the four pages were already admitted in the record. So at the very least, Mr. Jordan has shown that his case suffered from possible neglect. And so in the alternative, Mr. Jordan asked that this court remand the case for an attorney to further investigate his claim. If the court has no additional questions, Mr. Jordan respectfully requests that this court reverse and remand his case for a new trial or remand for the appointment of further counsel to further investigate his claim. Thank you, Your Honors. You'll have your time to rebut. Thank you. Mr. Zimmerman? May it please the court. Counsel. Good afternoon, Your Honors. My name is John Zimmerman from the Fourth District Appellate Prosecutor's Office here on behalf of the state. Cooperation is not collusion. Notably, defendant admits that a suppression motion would have failed if both federal and state agents had participated in a joint investigation. The charges in this case, unlawfully distributing a controlled substance, is a federal offense. DEA task force officers are part of the DEA's cooperation of drug enforcement efforts with local counterparts. According to 21 of the United States Code, Section 878A5, a local police officer who is also a DEA task force officer has federal law enforcement powers which extend his or her jurisdiction. Upon reviewing the record in this case, it's very evident that there was a joint investigation between the state and the DEA task force officer. Defense counsel was not ineffective for deciding not to file a motion to suppress the overhear recordings as this was a matter of trial strategy. As counsel noted, defense counsel spoke prior to trial with Officer Riesbeck that he was a DEA agent. She chose that it was not worth the time to contest this issue as it was likely easily provable. Now, to establish prejudice regarding this alleged ineffectiveness from a failure to file a motion to suppress, as your honors are aware, the defendant must show a reasonable probability the motion would have been granted and that the outcome of the trial would have been different had the evidence been suppressed. How about the time frame of the involvement of the federal agent? Yes, regarding that, your honors, if you look at the testimony of Kevin Riesbeck, on direct examination, he was asked what his occupation was, how long has he been a police officer. On July 25th of 2013, what was your specific task on that day? I was assigned the surveillance role for a money drop. And if you look on cross-examination, which is what appellate counsel relies upon, the question is, Officer Riesbeck, so your first interaction with the case began on July 25th of 2013. He states, yes. Upon solely looking at that question, the state would consider how appellate counsel characterizes that. However, if you look back at the direct examination of the state, it was what was your specific task on that day, showing he likely had prior involvement with this. And even with that being said, if there was a federally authorized overhear that he had previously authorized, the trial testimony is irrelevant. Moreover, that trial testimony was not attempting to prove whether there was, in fact, a DEA investigation. It was simply ask him what he was doing on certain days. If there was more specific questions going towards whether he was in the DEA, I'm sure he would have been much more straightforward. Well, is that cleared up on remand? The exact time frame? Yeah, I mean, the stuff you're talking about now, why wasn't that clarified when it was remanded back to the court with instructions to clarify whether there was joint cooperation? I think, from my point of view, that issue was never even determined below, so this court remanded, obviously, for clarification purposes. And the trial court did find, after seeing the several exhibits and defense counsel's testimony, that she personally verified this information prior, that it was irrelevant as to the specific days regarding his involvement. And again, looking at the trial testimony... Is that another way of saying he was involved prior to the date that he said that he was actually involved? Yes. How would you restate it? When he said I was involved on such and such a date, July, January, whatever, the 25th, he meant I was present at the scene or I was directly involved, but that somehow I was involved earlier because I'm the one that obtained the overhear and recruited the local officer to participate. Yes, Your Honor. But we're kind of inferring that that's what those things mean. Yes, and that's why I'm pointing towards the trial testimony, not actually going towards the fact whether he was in the DEA. If there was that specific hearing below, it would have been proven. And it was unfortunate that the state did not offer some federal stamp of approval order showing that he was a DEA agent. It didn't happen. The trial court determined that based off the discovery being riddled with the fact that he was a DEA officer, that there were these prior exhibits stating it was a federal overhear pursuant to DEA case number. I'm not going to read it out for you, but you get what I'm stating. And I read the cases that appellate counsel relies on to try to prove what is sufficient to show that there's a joint investigation, and there's nothing in those cases that hurt the state's position. In this case, those cases dealt much more with that issue directly, whereas here, as I've stated, it wasn't raised below. And on remand, the trial court found, based upon the discovery, that the defense exhibit one evidenced, as well as defense counsel's own statements, that he was a DEA agent and that it was not some disputed issue below. Do you quarrel with counsel's argument that on remand, there was this federal document of four pages that had been part of the record prior, and then there was the affirmative agreement by defense counsel that counsel had checked, and it was, in fact, whatever it was, I'm sorry, confirmed that the person was with a DEA. Does that make sense? Do you quarrel with her proffer of the evidence on remand? Do I quarrel? Yeah, is there anything? I think counsel has stated that that information was already in the record. I believe, referencing the re-admitting those exhibits that the trial court had already reviewed. The trial court should have already been aware of those, but they were referenced again or shown to the court. Well, they were not entered into evidence at trial to prove that Ray Zweck was a DEA agent. They were available and they were in the record. In the sense of discovery, perhaps. Why were they entered then? I do not recall the exact reason. Well, that would be proof of something. I do not recall that. I believe maybe they were using it as foundation for the recordings. I'm not exactly sure, Your Honor. I can't answer that, sorry. You get points for credibility, I mean, for admitting that you don't know. Thank you, Your Honor. Now we go towards the assumption, the alternative argument, of whether that motion to suppress was granted. As I believe Justice Turner noted, and as the state set forth in its brief, Beerbohm could still have testified regarding the speakerphone conversation that he listened to. And even if he couldn't testify to that, as Your Honor noted again, you had the confidential informant who could testify as to what occurred. And even if he was not allowed to testify for whatever reason, in the state's brief on page 8 and 9, it sets forth all the other evidence that does not include Beerbohm's testimony or the informant's testimony. Clearly, in this case, the evidence was overwhelming. The decision of trial counsel to not file a motion to suppress was trial strategy, even assuming that the motions to suppress would have been granted, the outcome would not have been different. And as a result... How is it trial strategy? Her decision just to not litigate the issue because it was quite clear from discovery that he was a DEA agent. So it was her strategy to not... For example, if you have a firearm case, and one of the issues is you don't have a FOIA... So it was a choice made. Yes. Not so much a strategy, but a, I'm not going to spend time on that. Yes, Your Honor. Okay. Exactly. As a result, in this case, the evidence was overwhelming against the defendant. He cannot show prejudice, and this court should affirm. The state will be brief on the second issue regarding a Krankel inquiry. Based on my three years as an appellate prosecutor, this is one of the most intense and intricately examined Krankel inquiry I've witnessed, and I have done a handful of these cases. The transcript is over 30 pages. The trial court reads the defendant's letter issue by issue. I think there are five separate issues. Yes, defendant, is this what you meant to raise? The defendant says yes. The defendant extrapolates upon that. Then the trial court says, okay, let's go on to the next issue. Every issue that was in this letter was examined, and the trial court properly determined that these all lacked merit. There was no ineffective assistance, found they were legally immaterial, and that no further action was needed regarding appointing a new counsel. And for these reasons, the state would request this court to affirm, and if there's no further questions, the state will rest. Thank you, Your Honor. Thank you, counsel. Ms. Wagner? Regarding the narrative supplement reports that were admitted at trial, it's unclear what the purpose of the admission of those documents are. I thought myself it was very strange. About 80-some pages of what seemed like a police report that was admitted. So it's not entirely clear why. However, it is clear that those four additional documents or the four documents that were submitted at the Krinkle remand were already contained within the record. So presumably when this court reviewed the case prior to the Krinkle remand, it had already examined that evidence. And our point is still that the mere deputization of a DA agent is not enough. And it was not trial counsel's strategy, because if it was her strategy, then her strategy was based on an erroneous position of law. But the mere deputization of a local Bloomington Police Department detective is enough to render an investigation joint. That's a fundamental error that could have been challenged in a motion to suppress. Just because the documents are stamped with approval by a detective raised back doesn't mean that there was actually a joint investigation. A joint investigation counsel points out the cases Mr. Jordan cited in his brief. Notably, none of those cases involved a merely deputized DEA agent. All of those cases involve a federal agency, such as the ATF, a joint kidnapping investigation, which are traditionally federal investigations, or where a federal agent actually initiated the investigation. In this case, Detective Raceback testified that he was a Bloomington Police Department officer. All seven law enforcement officers that testified at trial in this case were Bloomington Police Department officers. All of the witnesses that were disclosed to Mr. Jordan's counsel prior to trial were either Bloomington Police Department officers or Illinois State Police employees. Because there was no more to show that there was a joint investigation, that mere deputization is not enough. And for those reasons, Mr. Jordan respectfully requests that this court remand for a new trial or appoint counsel to investigate it. Counsel, I have a question. Yes, Your Honor. I don't know if it's real germane to this case, but it might be. If a police officer uses a confidential source, has a confidential source call someone to purchase cocaine or any other controlled substances, and has a confidential source turn on the speakerphone, do you agree that that does not run afoul of the eavesdropping statute in the state? Because that is not considered an eavesdropping device. That particular hypothetical, no, that would not run afoul of the eavesdropping law. However, in this case, Detective Bierbaum testified that he plugged a recording device into the phone. Right, I understand that. Okay. Well, that just seems like a very easy way for law enforcement to get around the eavesdropping statute, but apparently that's the state of the law. As I understand it, Detective Bierbaum could testify, but again, his testimony would be limited based on his memory and hearsay exceptions. But for those reasons, we respectfully request the court remand. Thank you. Thank you.